UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY BOONE, | No. 2:20-cv-2100 DB P |
| Plaintiff, | |
| v. | ORDER |
| RUBY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This matter is before the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.    In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will

be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. "Specific facts are not necessary" but the facts alleged must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

### III. Plaintiff's Allegations

On July 12, 2020, plaintiff was assaulted by inmates. The assault occurred during third watch when unspecified defendants left their post on the podium. After the assault, while plaintiff was on the ground and posed no threat, C/O Vargass emptied a can of mace on plaintiff.

Plaintiff concludes defendants willingly allowed the inmates assault him. He further alleges defendants solicited inmates to execute the assault but does not provide any additional supporting facts for such an allegation.

Plaintiff lists as defendants four correctional employees at High Desert State Prison: C/O Ruby, C/O Armstead, C/O Arbace, and Sgt. Silva. He seeks damages and injunctive relief. (ECF No. 1 at 3-4, 6.)

### IV. Discussion

The complaint's allegations fail to state a valid claim against any of the four named defendants. As set forth in greater detail below, the allegations suggest a possibility that plaintiff's rights under the Eighth Amendment may have been violated, but the complaint does not include sufficient factual allegations linking any defendant to the harm suffered in order to state a cognizable claim. Plaintiff will be granted an opportunity to file an amended complaint alleging additional facts.

**A. Linking Specific Defendants to the Conduct Alleged**

Under section 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

Here, the complaint's allegations use the term "defendants" without indicating which defendants are referred to by use of the term. The complaint must be dismissed because it fails to state clearly which defendants are liable to plaintiffs for which wrongs. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996); Fagbohungbe v. Caltrans, No. 13-cv-3801 WHO, 2014

U.S. Dist. LEXIS 22214, at *9, n.4 (N.D. Cal. Feb. 19, 2014) ("The general allegation regarding 'defendants' is . . . insufficient on its face[.]").

In particular, plaintiff alleges defendants left their post but does not identify those defendants by name who left their post. In order to plead a cognizable claim under the Eighth Amendment based on this alleged conduct, plaintiff must identify the names of the defendants and provide additional factual allegations.

In addition, plaintiff alleges C/O Vargass emptied a can of mace at plaintiff, but C/O Vargass is not identified or listed as a defendant. If plaintiff intends to bring a claim against C/O Vargass, then plaintiff must identify C/O Vargass as a defendant.

### B. Eighth Amendment

Excessive force in violation of the Eighth Amendment occurs when prison officials apply force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson, 503 U.S. at 6-7; see also Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). The relevant factors may include (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a

sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted). The obviousness of the risk, however, may be sufficient to establish knowledge. See Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). The prisoner may demonstrate that the risk was obvious due to the prisoner's personal characteristics or conditions within the prison. See Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013).

Plaintiff has not stated a cognizable "failure to protect" claim under the Eighth Amendment. Plaintiff alleges defendants solicited other inmates to execute an assault against him but does not specifically identify those to whom he refers and does not provide any additional supporting factual allegations.

To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. As to the defendants who left their post, plaintiff likewise fails to identify them by name in the context of this allegation and fails to allege a specific threat to his safety or well-being of which any defendants were aware. The factual allegations in the complaint are insufficient to raise a right to relief above the speculative level. Bell Atlantic, 550 U.S. at 555.

**V.    Leave to Amend**

Plaintiff will be granted an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff opts to amend, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Instead, plaintiff should focus his efforts on curing the deficiencies set forth herein. If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, in which case the action will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i).

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior complaint. As a general rule, an amended complaint

supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order;

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form;

4. Within thirty days from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing he wishes to stand on his complaint as written;

5. Plaintiff is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: August 5, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
boon2100.screen