UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY BOONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUBY, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-2100 WBS DB P<br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint under 42 U.S.C. § 1983. This matter is before the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint filed on November 1, 2021 is before the court for screening.

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

1

1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to state a claim upon which relief may be granted, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.   Plaintiff's Allegations

On July 12, 2020, plaintiff was assaulted by three inmates while in the dayroom. (ECF No. 16 at 4.) He was hit with fists and kicked in the head. (Id.) The assault occurred during third watch when C/O Nakken and C/O Vargass left their posts. (Id. at 4, 8.) The assault was captured on surveillance camera. (Id. at 4.) After the assault, while plaintiff was on the ground and posed no threat, C/O Vargass emptied a can of mace on plaintiff for no reason. (Id. at 7.)

The amended complaint refers to an attachment which the court considers as incorporated by reference when determining whether plaintiff has stated any plausible claims upon which relief may be granted.[1] See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). This attachment purports to be a statement by Inmate Cisneros,[2] who states he and two other inmates

---

[1] In screening complaints, the court will not, however, comb through pages of attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim.

[2] The document is titled "affidavit" and states it is signed under "all laws of the preddury [*sic*] of the law." (ECF No. 16 at 5.) Although plaintiff need not obtain an affidavit properly signed under

2

1    assaulted plaintiff on July 12, 2020 at approximately 3:45 p.m. (ECF No. 16 at 5.) The statement
2    indicates the assault was orchestrated by correctional officers in that inmate Cisneros was
3    approached by C/O Rubi, C/O Armstead, C/O Arbaca, C/O Vargass, and Sgt. Silva, and
4    "promised several beneficial promises if myself, Inmate Tood, and Inmate Mendoza were to carry
5    out with this assault [against plaintiff]." (Id.)

6    As a result of the assault, plaintiff suffered blunt trauma to the head, burning eye and
7    blurred vision. (ECF No. 16 at 4, 7.) He seeks damages and injunctive relief. (Id. at 9.)

**III.    Discussion**

   **A. Eighth Amendment Standards**

Excessive force in violation of the Eighth Amendment occurs when prison officials apply force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). The relevant factors may include (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A prison official need not

---

penalty of perjury from inmate Cisneros in order to state a claim for relief at this pleading stage, plaintiff is cautioned that this document is not properly signed under penalty of perjury. It contains the name "Cisneros" printed in capital letters but not signed under penalty of perjury. A proper signature under penalty of perjury would include the signature of the declarant and state "I declare under penalty of perjury that the foregoing is true and correct." See also Local Rule 131(b) ("Affidavits and certifications shall be signed by the person executing the document. The name of the person signing the document shall be typed or printed underneath the signature.").

"believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted). The obviousness of the risk, however, may be sufficient to establish knowledge. See Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). The prisoner may demonstrate that the risk was obvious due to the prisoner's personal characteristics or conditions within the prison. See Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013).

To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

**B. Cognizable Claims in the First Amended Complaint**

Plaintiff lists as defendants six correctional employees at High Desert State Prison: Sgt. Silva, C/O Ruby, C/O Armstead, C/O Arbaca, C/O Nakken and C/O Vargass. The first amended complaint states cognizable claims under the Eighth Amendment against C/O Rubi, C/O Armstead, C/O Arbaca, C/O Vargass, and Sgt. Silva. Plaintiff alleges these defendants solicited inmates to execute an assault against him, after which he was assaulted and badly injured. In addition, C/O Vargass emptied a can of mace on plaintiff for no reason.

However, the allegations of the first amended complaint do not state a cognizable claim against C/O Nakken. Plaintiff alleges C/O Nakken left the assigned post which allowed the inmates to assault plaintiff in the dayroom. The allegations pertaining to C/O Nakken leaving the assigned post do not plausibly show this defendant knew about a substantial risk of harm to plaintiff's health or safety. Thus, the allegations as to C/O Nakken are insufficient to raise a right to relief above the speculative level. See Bell Atlantic, 550 U.S. at 555.

### IV. Conclusion

Plaintiff will be granted a final opportunity to file an amended complaint in the event he believes there are additional facts he can allege as to C/O Nakken to state a plausible claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This option to amend it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Instead, plaintiff should focus on curing the deficiencies set forth herein pertaining to the factual allegations against C/O Nakken. In the alternative, if plaintiff elects to stand on the first amended complaint, then the undersigned will order service of the complaint on the defendants other than C/O Nakken and issue findings and recommendations to dismiss the claims against C/O Nakken.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior complaint. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form;

2. Within thirty days from the date of service of this order, plaintiff must either:

    a. File a second amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing he wishes to stand on his first amended complaint as written;

3. Plaintiff is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: January 20, 2022

DLB7
boon2100.screenfac

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

5