UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY BOONE,<br><br>    Plaintiff,<br><br>    v.<br><br>RUBY, et al.,<br><br>    Defendants. | No. 2:20-cv-02100 WBS DB P<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds pro se with a civil rights action asserting Eighth Amendment claims under 42 U.S.C. § 1983. In this order, the undersigned vacates the findings and recommendations signed on March 18, 2022. As set forth below, however, a further response from plaintiff is required in order for this case to proceed.

**Findings and Recommendations to be Vacated**

By order filed January 22, 2022, the undersigned screened plaintiff's first amended complaint and found it stated cognizable claims against C/O Ruby, C/O Armstead, C/O Arbaca, C/O Vargass, and Sgt. Silva. (ECF No. 20 at 4.) The undersigned also found the first amended complaint did not state a cognizable claim against C/O Nakken. (Id.) Plaintiff was ordered to respond within 30 days and either (a) file a second amended complaint attempting to cure the deficiencies in the claim against C/O Nakken, or (b) notify the court in writing he wished to stand

on his first amended complaint as written. (Id. at 5.) Plaintiff was cautioned that failure to respond to the order would result in a recommendation that this action be dismissed.

Seeing no response from plaintiff, on March 18, 2022, the undersigned issued findings and recommendations to dismiss this case without prejudice. On April 1, 2022, plaintiff filed a document which the undersigned construes as objections to the findings and recommendations. (ECF No. 22.) In the objections, plaintiff states he did not receive any court orders to which he failed to respond and asks whether the court reviewed the affidavit signed by another inmate under penalty of perjury attached to the first amended complaint.[1] (Id.)

Because it appears plaintiff did not receive the order screening the first amended complaint, the undersigned will vacate the recommendation to dismiss this case. The Clerk of the Court will serve plaintiff with another copy of the order screening the first amended complaint, and plaintiff will have an opportunity to either file a second amended complaint or notify the court he wishes to proceed on the first amended complaint as screened. If plaintiff timely files a second amended complaint, the undersigned will screen it for cognizable claims. If plaintiff timely notifies the court he wishes to proceed with the first amended complaint as screened, then the undersigned will direct service of the first amended complaint on C/O Ruby, C/O Armstead, C/O Arbaca, C/O Vargass, and Sgt. Silva, and issue findings and recommendations to dismiss C/O Nakken from this action. Thus, in order to proceed with this case, plaintiff must timely file either a second amended complaint or a written notice advising the court he wishes to proceed on the first amended complaint.

**Motion to Appoint Counsel**

Plaintiff has requested the appointment of counsel. (ECF No. 22 at 2.) This court lacks authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United

---

[1] As noted in the January 21, 2022 order, the document to which plaintiff refers was not signed under penalty of perjury because it contained only a last name printed in capital letters for the signature. Plaintiff does not need to obtain a properly signed affidavit from his inmate witness to proceed at this stage of the case. Nevertheless, plaintiff is cautioned that an affidavit holds no evidentiary value unless it is properly signed under penalty of perjury. Under Local Rule 131(b), a proper signature under penalty of perjury includes a signature in addition to the printed name and states "I declare under penalty of perjury that the foregoing is true and correct."

States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances at this time.

**Conclusion and Order**

In accordance with the above, IT IS ORDERED:

1. The Clerk's Office shall re-serve to plaintiff a copy of the January 21, 2022 order (ECF No. 20) and shall send plaintiff a blank civil rights complaint form.

2. Plaintiff's April 1, 2022 request for the appointment of counsel (ECF No. 22) is DENIED without prejudice.

3. The findings and recommendations filed March 21, 2022 (ECF No. 21) are VACATED.

4. Within thirty days from the date of service of this order, plaintiff must either (a) file a second amended complaint; or (b) notify the court in writing he wishes to proceed on his first amended complaint as screened. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: April 15, 2022

DLB7
boon2100.vacfrs2

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE