UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY BOONE, | No. 2:20-cv-2100 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| RUBY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint under 42 U.S.C. § 1983. This matter is before the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint filed on April 25, 2022, is before the court for screening. (ECF No. 24.) For the reasons that follow, plaintiff may elect to either (1) proceed on the second amended complaint, as screened, with a claim under the Eighth Amendment claim against Officer Vargass; (2) or, in the alternative, plaintiff may elect to proceed on the first amended complaint, as previously screened, with claims under the Eighth Amendment against Officer Vargass, Sergeant Silva, Officer Ruby, Officer Armstead, and Officer Arbaca. Plaintiff shall respond to this order in writing, indicating plaintiff's choice.

**I.   Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to state a claim upon which relief may be granted, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Second Amended Complaint**

On July 12, 2020, plaintiff was assaulted by inmates while in the dayroom when Officer Vargass left her post. (ECF No. 24 at 3.) Plaintiff was assaulted for more than 10 minutes and suffered significant injuries including head trauma and brain trauma. (Id.) After plaintiff was assaulted, Officer Vargass emptied an entire can of mace into plaintiff's face while plaintiff was unconscious on the ground. (Id.) Plaintiff later found out from the assaulting inmates that correctional officers had paid inmates to assault plaintiff. (Id.) Plaintiff seeks monetary damages. (Id. at 6.)

////

### III. Discussion

#### A. Eighth Amendment Standards

Excessive force in violation of the Eighth Amendment occurs when prison officials apply force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). The relevant factors may include (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted). The obviousness of the risk, however, may be sufficient to establish knowledge. See Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). The prisoner may demonstrate that the risk was obvious due to the prisoner's personal characteristics or conditions within the prison. See Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013).

To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an

3

excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

### B. Cognizable Eighth Amendment Claim in the Second Amended Complaint

The second amended complaint states a cognizable claim against C/O Vargass, whom plaintiff alleges emptied an entire can of mace into plaintiff's face while plaintiff was unconscious on the ground. (ECF No. 24 at 3.) This is the only cognizable claim stated in the second amended complaint, which lacks specific factual allegations as to the conduct of C/O Ruby, C/O Armstead, C/O Arbaca, and Sgt. Silva. (See ECF No. 24.)

### C. Plaintiff may Elect to Proceed on the First Amended Complaint, as Screened, or on the Second Amended Complaint, as Screened

By order dated January 20, 2022, the undersigned screened plaintiff's first amended complaint and construed it liberally to find it stated claims under the Eighth Amendment against Officer Vargass, C/O Ruby, C/O Armstead, C/O Arbaca, and Sgt. Silva. (ECF No. 20.) In screening the first amended complaint, the undersigned considered an attachment to the first amended complaint purporting to be a statement by Inmate Cisneros, who stated he and two other inmates assaulted plaintiff on July 12, 2020 at approximately 3:45 p.m., and that the assault was orchestrated by correctional officers in that inmate Cisneros was approached by C/O Ruby, C/O Armstead, C/O Arbaca, C/O Vargass, and Sgt. Silva, and "promised several beneficial promises if myself, Inmate Todd, and Inmate Mendoza were to carry out with this assault [against plaintiff]." (ECF No. 16 at 5.)

In screening the first amended complaint, the undersigned noted the statement by inmate Cisneros was not signed under penalty of perjury, but also that plaintiff was not required to produce a statement signed under penalty of perjury in order to state a claim. (ECF No. 20 at 2-3.) The second amended complaint omits the purported statement by inmate Cisneros and does not contain factual allegations to support a claim against any defendant other than C/O Vargass. However, it is not clear whether this omission resulted from a deliberate choice by plaintiff, a misunderstanding of the screening order, or other difficulties pleading.

4

Accordingly, the court will direct plaintiff to inform the court in writing whether plaintiff elects to proceed (1) on the second amended complaint, as screened, with a claim under the Eighth Amendment claim against Officer Vargass; or (2) on the first amended complaint, as previously screened by order dated January 20, 2022 (ECF No. 20), with claims under the Eighth Amendment against Officer Vargass, Sergeant Silva, Officer Ruby, Officer Armstead, and Officer Arbaca. Plaintiff shall inform the court of plaintiff's choice, in writing and within 30 days.

**IV.     Conclusion**

In accordance with the above, IT IS HEREBY ORDERED:

1. Within thirty days from the date of service of this order, plaintiff must either:

    a. Notify the court in writing he wishes to stand on his first amended complaint as screened, with claims under the Eighth Amendment against Officer Vargass, Sergeant Silva, Officer Ruby, Officer Armstead, and Officer Arbaca; or

    b. Notify the court in writing he wishes to stand on his second amended complaint, as screened, with a claim under the Eighth Amendment claim against Officer Vargass.

2. Plaintiff is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  July 26, 2022

DLB7
boon2100.screen2ac

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE