UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY BOONE, | No. 2:20-cv-02100 WBS DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RUBY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is before the court. (ECF No. 41.) Defendants assert plaintiff failed to exhaust administrative remedies. On April 14, 2023, plaintiff filed a notice of change of address stating he is opposed to any motion for dismissal and appearing to request an extension of time to respond to the motion to dismiss. (ECF No. 44.)[1] After reviewing the pending motion to dismiss, the undersigned finds an opposition is

---

[1] Plaintiff's notice also states plaintiff seeks a court order for the state "to allow [him] to watch the video in question [of the assault that underlies plaintiff's claims]." (ECF No. 44 at 1.) Plaintiff is informed that the court will consider granting such a request only if plaintiff first seeks to view the video in question during the discovery process in this case through a timely request for production of documents or electronically stored information served to defendant's counsel. See Fed. R. Civ. P. 34. If plaintiff timely serves such a request and is not allowed to view the video,

1

unnecessary because it is not clear from the face of the complaint that plaintiff failed to exhaust available administrative remedies. Accordingly, the undersigned will recommend the motion to dismiss be denied.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed the operative first amended complaint ("FAC") on November 1, 2021. (ECF No. 16.) Currently, plaintiff proceeds with claims alleging violations of his rights under the Eighth Amendment against Officer Vargass, Sergeant Silva, Officer Ruby, Officer Armstead, and Officer Arbaca. (See ECF No. 35.)

## ALLEGATIONS IN THE FAC

On July 12, 2020, plaintiff was assaulted by three inmates while in the dayroom at High Desert State Prison in Susanville, CA. (ECF No. 16 at 4.) The assault occurred during third watch when C/O Nakken and C/O Vargass left their posts. (Id. at 4, 8.) The assault was captured on surveillance camera. (Id. at 4.) Plaintiff was hit with fists and kicked in the head. (Id.) After the assault, while plaintiff was on the ground and posed no threat, C/O Vargass emptied a can of mace on plaintiff for no reason. (Id. at 7.)

The amended complaint has an attachment purporting to be a statement by Inmate Cisneros, who states he and two other inmates assaulted plaintiff on July 12, 2020, at approximately 3:45 p.m. (ECF No. 16 at 5.) The statement indicates the assault was orchestrated by correctional officers. (Id.) Specifically, C/O Rubi, C/O Armstead, C/O Arbaca, C/O Vargass, and Sgt. Silva approached inmate Cisneros and "promised several beneficial promises if [Cisneros], Inmate Todd, and Inmate Mendoza were to carry out with this assault [against plaintiff]." (Id.) As a result of the assault, plaintiff suffered blunt trauma to the head, burning eye, and blurred vision. (Id. at 4, 7.)

////

---

then plaintiff may bring a timely motion to compel. See Fed. R. Civ. P. 37. Plaintiff is further informed that, if the undersigned's recommendation to deny defendants' motion to dismiss is adopted by the district judge assigned to this case, then subsequently, the undersigned will issue a discovery and scheduling order with information about discovery procedures and setting discovery deadlines for this case.

2

**APPLICABLE STANDARDS**

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon, 467 U.S. at 73. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). Nevertheless, a court's liberal interpretation of a pro se complaint may not supply essential elements that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

**DISCUSSION**

**A. EXHAUSTION REQUIREMENT**

The Prison Litigation Reform Act (PLRA) of 1995 requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging their prison conditions. 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).

In order to exhaust available administrative remedies, a prisoner must comply with the prison's procedural rules, including deadlines, as a necessary precondition to bringing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). "[I]t is the prison's

requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 219 (2007). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (alterations and italics in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

Since exhaustion is mandatory, unexhausted claims may not be brought to court. Jones, 549 U.S. at 211 (citing Porter, 534 U.S. at 524); see also Ross v. Blake, 136 S. Ct. 1850, 1856 (2016) (reaffirming that "special circumstances" do not excuse a failure to exhaust if remedies were available). If a prisoner has not exhausted available administrative remedies before filing his federal suit, the court must dismiss the action without prejudice. McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).

The failure to exhaust is an affirmative defense for which the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166; see also McBride v. Lopez, 807 F.3d 982, 988 (9th Cir. 2015). Otherwise, defendants must produce evidence proving the failure to exhaust. McBride, 807 F.3d at 985.

**B. UNAVAILABILITY EXCEPTION**

The exhaustion requirement of 42 U.S.C. § 1997 hinges on the availability of administrative remedies. Ross, 136 S. Ct. at 1858. "An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." In Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it," and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60. Prison administrators thwart an inmate from

1    taking advantage of a grievance process if the actions of prison staff render a prisoner's
2    administrative remedies "effectively unavailable." See McBride, 807 F.3d at 987 ("the threat of
3    retaliation for reporting an incident can render the prison grievance process effectively
4    unavailable"); Albino, 747 F.3d at 1177 (failure to inform a prisoner of the administrative appeals
5    process following multiple requests for instruction rendered his administrative remedy effectively
6    unavailable); Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (a plaintiff is not required
7    to exhaust further levels of review after being reliably informed by administrator that no further
8    remedies are available).

**C.  FAILURE TO EXHAUST IS NOT CLEAR FROM THE FACE OF THE SAC**

10   Defendants argue plaintiff admitted he did not exhaust available administrative remedies
11   because he has pleaded that he filed a grievance and subsequently did not appeal the decision.
12   (ECF No. 41 at 4-6.) Defendants argue plaintiff has admitted that administrative remedies were
13   available for his claims. (Id. at 5.)

14   The court liberally construes the allegations of the operative complaint on a motion to
15   dismiss under Rule 12(b)(6). Here, the FAC is presented on a form complaint for suits brought by
16   prisoners under 42 U.S.C. § 1983. Pertaining to exhaustion, plaintiff checked the box for "Yes" in
17   response to the question "Are there *any* administrative remedies (grievance procedures or
18   administrative appeals) available at your institution?" (ECF No. 16 at 4, 7, 8 (emphasis added).)
19   Plaintiff checked the box for "No" in response to the question "Did you appeal your request for
20   relief… to the highest level?" (Id.) The form complaint next stated: "If you did not submit or
21   appeal a request for administrative relief at any level, briefly explain why you did not." (Id.) As
22   explanation, plaintiff alleged, "I was scared that if I did, I would get assaulted again." (Id.)

23   Thus, plaintiff alleged that some administrative remedies were available at his institution
24   but that plaintiff did not appeal his request for administrative relief to the highest level because he
25   was scared that if he did, he would get assaulted. Liberally construing these allegations, the court
26   can infer that plaintiff subjectively feared retaliation. The FAC does not set forth why plaintiff
27   feared he would get assaulted again if he appealed his request for administrative relief to the
28   highest level. It is unclear from the face of the FAC and its attachments whether plaintiff can

establish that any retaliation that he feared rendered the administrative remedies effectively unavailable. See McBride, 807 F.3d at 987 (setting forth objective and subjective prongs relevant to the determination whether the threat of retaliation for reporting an incident renders a prison grievance process effectively unavailable).

The problem with the argument in defendant's current motion is that plaintiff was not required to specially plead or demonstrate facts showing that no administrative remedy was available or setting forth the basis for his fear of appealing his grievance to the highest level. See Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. Because, in this instance, plaintiff did not plead the facts necessary to determine whether he had an available administrative remedy and/or whether administrative remedies for his claims were effectively unavailable, this is not one of those "rare cases where a failure to exhaust is clear from the face of the complaint." Albino, 747 F.3d at 1169; compare McBride, 807 F.3d at 985 (district court did not err in dismissing unexhausted claims where there was "no need for further factual development" and the issue turned on the adequacy of facts fully set forth in the complaint). Defendants must, in this case, plead and prove plaintiff's failure to exhaust available administrative remedies. See Jones, 549 U.S. at 216.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED as follows:

1. Defendants' motion to dismiss asserting a failure to exhaust administrative remedies (ECF No. 41) be denied.

2. Defendants be ordered to answer the complaint within 30 days after any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure

to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 16, 2023

DLB7
boon2100.mtd.exhaust

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE