UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY BOONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUBY, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-02100 WBS SCR P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　On April 4, 2024, defendants filed a motion for summary judgment. Plaintiff did not timely oppose the motion. By order filed on May 8, 2024, plaintiff was granted an extension of time of 30 additional days from the date of the order to file an opposition. Plaintiff did not oppose the motion within the time granted, and on July 10, 2024, the magistrate judge previously assigned to this case recommended the case be dismissed for plaintiff's failure to oppose the motion for summary judgment. (ECF No. 58.)

　　　　Plaintiff filed objections to the findings and recommendations, requesting a 60-to-90-day extension of time to oppose the motion for summary judgment. (ECF No. 60.) Plaintiff stated he was in an accident in a correctional van on August 3, 2023, and that after the accident, he did not get his property back until sometime after June 25, 2024. (Id.) Defendants opposed the motion, arguing, in relevant part, that the request for extension of time should be denied because plaintiff testified during his deposition on December 27, 2023, that he had his legal property in his cell,

1  including witness statements, affidavits, declarations, video footage, and other documents
2  relevant to this case. (ECF No. 61 at 3.) On August 20, 2024, the undersigned granted plaintiff's
3  request for an extension of time in part and ordered plaintiff to file an opposition to defendants'
4  motion for summary judgment within 30 days. (ECF No. 61.) Plaintiff did not do so.

5  More than seven months have passed since defendants filed their motion for summary
6  judgment. More than a month has passed since the expiration of the court's most recent extension
7  of time expired. Plaintiff has not opposed the motion or sought a further extension of time. Local
8  Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a
9  statement of no opposition may be deemed a waiver of any opposition to the granting of the
10 motion...." Further, Local Rule 110 provides that failure to comply with the Local Rules "may be
11 grounds for imposition of any and all sanctions authorized by statute or Rule or within the
12 inherent power of the Court."

13 In the order filed on May 8, 2024, plaintiff was advised of the above requirements for
14 filing opposition under the Local Rules and was cautioned that failure to comply with the Local
15 Rules might result in the imposition of sanctions. In addition, plaintiff was cautioned that failure
16 to file opposition would be deemed consent to have the action dismissed for lack of prosecution
17 and would result in a recommendation that this action be dismissed.

18 Plaintiff has failed to oppose the motion for summary judgment and has not responded to
19 the court's most recent order dated August 20, 2024. In recommending this action be dismissed
20 for failure to prosecute, the court has considered "(1) the public's interest in expeditious
21 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
22 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
23 availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
24 1992) (citation omitted). Because this case cannot move forward without plaintiff's participation,
25 the factors weigh in favor of dismissal.

26 For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
27 dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

28 These findings and recommendations are submitted to the United States District Judge

2

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 8, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE