UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY BOONE,<br><br>        Plaintiff,<br><br>    v.<br><br>RUBY, et al.,<br><br>        Defendants. | No. 2:20-cv-02100 WBS SCR P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this closed 42 U.S.C. § 1983 civil rights action. Judgment was entered in this matter on December 18, 2024, granting Defendants' motion for judgment. ECF No. 65. Currently pending before the court is Defendants' bill of costs in the amount of $758.25. ECF No. 66.

**I.    Standards Governing a Bill of Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a rebuttable presumption that costs, other than attorney's fees, should be awarded to the prevailing party. However, a district court has the discretion to refuse an award of costs. See Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000). If the court declines to award costs to the prevailing party, it "must specify reasons for its refusal to award costs." Mexican-Am. Educators, 231 F.3d at 591 (citation omitted). Reasons to refuse to award costs include "the losing party's

limited financial resources; misconduct on the part of the prevailing party; the importance of the issues; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted); see also National Org. for Women v. Bank of Cal., 680 F.2d 1291, 1291 (9th Cir. 1982) (upholding the refusal to award costs based on the losing party's limited financial resources); Stanley v. Univ. of Southern California, 178 F.3d 1069, 1080 (9th Cir. 1999) (recognizing the chilling effect that awarding costs against a prisoner in a civil rights lawsuit has).

## II.     Analysis

Defendants' bill of costs shall be granted. Although plaintiff proceeded in forma pauperis in this action, the $758.25 in costs should be taxed because he acted in bad faith by failing to prosecute this action. Defendants specifically request: (1) $622.25 for a deposition transcript; (2) $6.00 for the exhibits; and (3) $130.00 for the court reporter's appearance fee. ECF No. 66-1. Given the strong presumption in favor of awarding costs to the prevailing part, the Court finds that the expenses of $758.25 are reasonable.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' bill of costs (ECF No. 66) is granted; and

2. Costs are awarded to Defendants in the amount of $758.25.

Dated:  May 30, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE